FILED

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| MAQUET, INC.<br>45 Barbour Pond Drive<br>Wayne, NJ 07470 | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CAMBRIDGE GLOBAL SERVICES, INC.<br>14155 Newbrook Drive, Suite 350<br>Chantilly, VA 20151 | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

Civil Action No. 1:10-cv-_1242_
CmH TRJ

## COMPLAINT

Comes now MAQUET, Inc. ("Plaintiff" or "MAQUET"), by counsel, files this complaint against the defendant, Cambridge Global Services, Inc. ("Defendant"), and alleges as follows:

### PARTIES

1. MAQUET, Inc. is a Delaware corporation with its principal office located at 45 Barbour Pond Drive, Wayne, NJ 07470.

2. Cambridge Global Services, Inc. is a Virginia corporation with its principal office located at 14155 Newbrook Drive, Suite 350, Chantilly, Fairfax County, Virginia 20151-0000.

### JURISDICTION AND VENUE

3. Plaintiff is incorporated under the laws of Delaware with its principal place of business in New Jersey. Defendant is organized under the laws of Virginia, with its principal place of business in Virginia. This Court has diversity jurisdiction over this action pursuant to 28

U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the plaintiff and defendant.

4.   Venue is proper in this Court under 28 U.S.C. § 1391(a) because the Defendant resides in the Eastern District of Virginia, a substantial part of the events giving rise to this suit occurred in this district, and the Defendant is subject to personal jurisdiction in this district.

## FACTS

5. MAQUET is a leading provider of medical technology for intensive care units, operating rooms, and emergency rooms.  MAQUET is the U.S. subsidiary of the publicly-listed Swedish group of companies, Getinge AB.  MAQUET sells its medical products to a wide variety of customers, including hospitals and health care facilities, medical research facilities, the U.S. military, and various government agencies.

6. Upon information and belief, Defendant, either itself or through its affiliates, parents, or subsidiaries, has government contracts with various military and government agencies, including the Department of Veterans Affairs.

7. From July 2009 through December 2009, Defendant ordered medical products and equipment from MAQUET for delivery to military hospitals and medical facilities run by the Department of Veterans Affairs or other government agencies.

8.   Defendant submitted 10 separate purchase orders for MAQUET products and equipment from July 2009 through December 2009.

9.    The Purchase Orders submitted by Defendant to MAQUET are attached as Exhibits A through J, and are summarized below:

| EXHIBIT | P.O. DATE | P.O. NUMBER | INVOICE DATE | INVOICE NUMBER | INVOICE AMOUNT |
|---|---|---|---|---|---|
| A | 7/31/2009 | 15125 | 8/26/2009 | 2290080115 | $124,193.20 |
| B | 8/27/2009 | 15723 | 8/31/2009 | 2290080597 | $32,852.89 |
| C | 9/10/2009 | 15968 | 9/23/2009 | 2290082633 | $16,543.44 |
| D | 9/11/2009 | 16055 | 9/17/2009 | 2290082134 | $5,155.31 |
| E | 9/17/2009 | 16163 | 9/22/2009 | 2290082514 | $6,594.90 |
| F | 9/21/2009 | 15567 | 12/22/2009 | 2290090318 | $84,974.25 |
| G | 9/23/2009 | 16071 | 9/25/2009 | 2290082861 | $4,553.23 |
| H | 9/25/2009 | 15666 | 10/7/2009 | 2290083924 | $6,504.16 |
|  | 9/25/2009 | 15666 | 9/30/2009 | 2290083339 | $48,171.53 |
| I | 9/30/2009 | 16451 | 10/30/2009 | 2290086013 | $308,858.25 |
| J | 11/10/2009 | 16659 | 11/16/2009 | 2290087189 | $5,656.03 |
|  |  |  |  | TOTAL: | $644,057.19 |

10. MAQUET delivered all products ordered by Defendant reflected on the Invoices attached as Exhibits A through J (included with the associated Purchase Orders).

11. After delivery of the products, MAQUET issued the Invoices to Defendant attached as Exhibits A through J.

12. The terms of each Invoice issued by MAQUET included a term that payment was due within thirty (30) days.

13. Defendant did not object to any of the Invoices.

14. For each of the Invoices attached as Exhibit A, MAQUET has satisfied all conditions precedent to payment from Defendant.

15. MAQUET has made demand for payment to Defendant.

16. Defendant has refused to pay MAQUET the amounts due and owing on the Invoices attached as Exhibits A through J.

17. Defendant has materially breached its contracts with MAQUET and MAQUET has been damaged by Defendant's material breach of contract.

18. Defendant is aware that MAQUET delivered all products ordered by Defendant reflected on the Invoices attached as Exhibits A through J, and Defendant has enjoyed the benefit of MAQUET's delivery of such products.

## COUNT I
## BREACH OF CONTRACT

19. Plaintiff re-alleges and adopts herein by reference each of the averments set forth in paragraphs 1 through 18 above.

20. The orders placed by Defendant and fulfilled by MAQUET constitute valid and binding contracts.

21. MAQUET fully performed its obligations to deliver the medical equipment and products reflected on the Invoices attached as Exhibit A through J.

22. Payment was due to MAQUET within thirty (30) days of each Invoice.

23. MAQUET has demanded numerous times that Defendant pay and that the contract breaches be cured. However, Defendant has failed to cure the breaches.

24. Defendant's refusal to pay the Invoices constitutes a breach of contract that has harmed MAQUET.

25. As a result of Defendant's breaches, MAQUET has suffered damages, including the amounts due and owing under the Invoices attached as Exhibits A through J, totaling $644,057.19.

## COUNT II
## ACCOUNT STATED

26. MAQUET re-alleges and adopts herein by reference each of the averments set forth in paragraphs 1 through 18 above.

27. MAQUET presented the Invoices to Defendant for payment on the dates reflected on each Invoice attached as Exhibit A.

28. MAQUET was entitled to receive payment from Defendant within thirty (30) days of the respective Invoice dates.

29. Defendant never objected to the amounts shown on the Invoices.

30. Defendant is overdue on the Invoices attached as Exhibits A through J for time periods varying between 10 months and 13 months.

31. MAQUET demanded payment from Defendant and Defendant wrongfully refused to make full payment on the Invoices.

32. As a result of Defendant's acts, MAQUET is owed the amounts due and owing under the Invoices attached as Exhibits A through J, totaling $644,057.19.

## COUNT III
## UNJUST ENRICHMENT

33. MAQUET re-alleges and adopts herein by reference each of the averments set forth in paragraphs 1 through 18 above.

34. To its detriment, MAQUET provided equipment for which it has not been compensated. Defendant accepted and benefited from the equipment provided by Plaintiff in the amounts set forth on the Invoices attached as Exhibits A through J.

35. Defendant was aware of and has enjoyed the benefits conferred upon them by MAQUET.

36. Under the circumstances, it is inequitable for Defendant to accept and retain the benefit of the equipment without compensating Plaintiff for the value thereof.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendant Cambridge Global Services, Inc. for:

A. The amounts owed under the Invoices attached as Exhibits A through J;

B. Interest on all amounts at the rate of 6% per annum pursuant to Va. Code Ann. § 8.01-382 from the respective Invoice due dates until fully paid; and

C. All other relief to which it may be entitled, including costs and such other legal or equitable relief as the Court deems just and proper.

Dated:  November 1, 2010

Respectfully submitted,

_Marianne D. Casserly_

Marianne Roach Casserly
Virginia Bar No. 45254
*Counsel to MAQUET, INC.*
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC  20004
Telephone:   (202) 756-3379
Facsimile:    (202) 654-4989
marianne.casserly@alston.com